# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

CHRISTOPHER G. SANDERS     CIVIL ACTION NO. 13-2590-P

VERSUS                      JUDGE FOOTE

JAMIE FUSSELL, ET AL.       MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Christopher G. Sanders ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on August 30, 2013.  Plaintiff is currently incarcerated at the Richland Parish Detention Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana.  He names Jamie Fussell, Deborah Cody, Jerry Goodwin, Dr. Fuller, and Robert Rachal as defendants.

Plaintiff claims he was held in administrative segregation for more than 30 days without any disciplinary actions or investigations.  He claims he was locked in his cell for 24 hours a day while he was deprived of basic human needs including deodorant, exercise, telephone access, and medical attention.

Plaintiff claims he suffers from eczema and his condition worsened because of heat exposure and constant sweating.  He claims the lights in the cell were on from 5 a.m. to 10:30 p.m. and worsened the heat problem.  Plaintiff claims he was not supposed to be exposed to heat.  He claims he was forced to stay in the hot sun.  He claims as a result, his eczema flared up on his feet and hands.  He claims his feet and hands were swollen and he could barely walk.  He claims Dr. Fuller and the Medical Warden Robert Rachel were notified of his condition and they ignored him.  He claims his medical treatment was inadequate.

Plaintiff claims he was forced to drink water from his hands because he was not allowed to have a drinking container.

Plaintiff seeks only injunctive relief.  Specifically, he seeks to have this court order that the dilemma be rectified as quickly as possible and that he not be retaliated against.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff seeks only injunctive relief in his original and amended complaint.  Even if Plaintiff was able to establish his constitutional rights were violated, he would not be entitled to injunctive relief.  Plaintiff's transfers from the David Wade Correctional Center and the Bossier Correctional Facility to the Richland Parish Detention Center in Rayville, Louisiana, rendered his claims for injunctive relief moot.  See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078 (5th Cir. 1991).  Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge

at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 8th day of September 2015.

Mark L. Hornsby
U.S. Magistrate Judge